■  In the Matter of the Claim of BERNARD FLYNN, Appellant. W. T. LA ROSE AND ASSOCIATES, Respondent; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which affirmed a Referee's decision disqualifying claimant, pursuant to the statute (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 1, par. [a]), from receiving unemployment insurance benefits. On March 27, 1962 a dispute arose in the plant of the employer between claimant, an assembly worker, and a coemployee known as a group leader to whom limited supervisory authority had been delegated concerning the return to its appropriate place of an air hose not in immediate use. In the course of the verbal controversy claimant directed an expletive to the group leader designed to indicate a contempt for behavior considered by claimant to be obsequious. This episode resulted in claimant's discharge by the employer on the following day. Pursuant to the provisions of a subsisting collective bargaining agreement the issues of the justifiability of the discharge were submitted to arbitration. Following a hearing the authorized arbitrator directed that claimant be reinstated to his former position without loss of status, rights or benefits but without pay for the time which he had lost. The employer thereafter notified claimant to report for work at the company plant on June 4, 1962. He rejected the afforded opportunity to resume employment for the reasons that he could not countenance the supervisory power exercised by the group leader which he conceived to be inconsistent with union membership and that he feared a managerial disposition to be vengeful. The board adopted the Referee's findings that neither the refusal to recognize the grant of authority nor concern about future vindictive treatment was justified and found, as did the Referee, that claimant voluntarily left the employment without good cause. The record presents only questions of fact within the competency of the board to determine. (*Matter of Karman* [*Lubin*], 2 A D 2d 626.) Its decision is supported by substantial evidence. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.